Christopher R. Houk, State Bar No. 20843
**HOUK LAW FIRM, PLLC**
1050 East Southern Avenue, Suite A-3
Tempe, AZ 85282
Telephone: 480.569.2377
Facsimile:  480.569.2379
chouk@houklawfirm.com

*Attorneys for Jennifer Bond*

### IN THE UNITED STATES DISTRICT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Bond,<br><br>                                Plaintiff,<br><br>vs.<br><br>Wells Fargo Bank, N.A.,<br><br>                                Defendant. | Case No. |

Plaintiff Jennifer Bond, by and through Christopher R. Houk, her undersigned attorney of record, submits this Complaint for relief against the Defendants and Jury Trial Demand pursuant to Federal Rules of Civil Procedure 3, 7(a)1, 8(a), and 38(a, b). Wells Fargo subjected Jennifer to sex discrimination, age discrimination, and retaliation.

**Plaintiff's Claims**

1.      42 U.S.C. § 2000e-2(a)(2) – Wells Fargo discriminated against Jennifer based on sex in violation of Title VII of the Civil Rights Act.

2.      29 U.S.C. § 623(a)(1) – Wells Fargo discriminated against Jennifer based on age in violation of the Age Discrimination in Employment Act.

HOUK LAW FIRM, PLLC
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377  -  Fax:  480.569.2379

HOUK LAW FIRM, PLLC
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377 - Fax: 480.569.2379

3.      42 U.S.C. § 2000e-2(a)(2) – Wells Fargo retaliated against Jennifer when she complained about sex discrimination, by creating a hostile working environment and subjecting her to adverse employment actions.

4.      29 U.S.C. § 623(d) – Wells Fargo retaliated against Jennifer when she complained about age discrimination, by creating a hostile working environment and subjecting her to adverse employment actions.

## **The Parties, Jurisdiction, and Claims**

5.      The Plaintiff Jennifer is, and has been at all times material to this Complaint:

   A.      an adult resident of Maricopa or Mohave Counties, Arizona; and

   B.      was an employee of Defendant Company Wells Fargo as defined by 29 U.S.C. § 630(f) and 42 U.S.C. § 2000e-(f).

6.      Defendant Wells Fargo is, and has been at all times material to this Complaint:

   A.      the employer of Jennifer as defined by 29 U.S.C. § 630(b) and 42 U.S.C. § 2000e-(b);

   B.      an employer of more than fifteen persons; and

   C.      located within Arizona, including Maricopa and Mohave Counties, Arizona;

7.      Jennifer seeks relief for counts one through four which all arise from federal statutes.  This Court therefore has original jurisdiction pursuant to 28 U.S.C. § 1343(a)(3), (4).

8.      All the alleged events occurred in Mohave and Maricopa Counties, Arizona, and Mohave County is the domicile of the defendant.

9.  Based upon the foregoing, the United States District Court for the District of Arizona, Phoenix Division, is the appropriate venue for this action pursuant to 28 U.S.C. §1391(b).

10. All conditions precedent to filing a lawsuit have been met.

11. On October 15, 2019 Jennifer made contact with the Equal Employment Opportunity Commission (EEOC). It was not until December 12, 2019 that the EEOC drafted Jennifer's charge of discrimination. Because of EEOC error, the EEOC did not deem her charge filed until January 17, 2020.

12. On February 16, 2021, the EEOC issued a right to sue letter.

### Demand for Jury Trial

13. Plaintiff Jennifer demands a trial by jury pursuant to the Seventh Amendment to the United States Constitution, and Federal Rule of Procedure 38(a), (b).

### Fact Allegations in Support of all Counts

14. In September 2017, Jennifer was first hired as a contractor for Wells Fargo. Due to good performance, in February 2018, Wells Fargo hired her full time as an Operational Risk Consultant 5, the most senior level position of this role before becoming management.

15. Jennifer holds prestigious certifications, including Certified Information Systems Auditor (CISA) and Certified Data Privacy Solutions Engineer (CDPSE) in the field of auditing and was the only person on her team, including her Manager, to be certified in these or other professional certifications.

HOUK LAW FIRM, PLLC
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377 - Fax: 480.569.2379

HOUK LAW FIRM, PLLC
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377 - Fax: 480.569.2379

16.     Jennifer came to Wells Fargo with 21 years of Software Engineering, IT Systems, Corporate Governance, and Compliance experience, including holding high-level management positions with major corporations.

17.     In her current position of Operational Risk Consultant (Level 4), Jennifer's current manager, Joe Prudente and Joe's manager, John Klitchko, wrote superb remarks in her in her review for 2020 performance.

18.     Jennifer received several company "Shared Success" awards from managers and teams she assisted.

### *Wells Fargo Subjected Jennifer to Sex Discrimination.*

19.     Beginning in April 2018, Jennifer's immediate manager, Craig Snider, subjected to her sex discrimination. Among other things, Craig:

A.  At least 20 times total,

1.  Regularly barraged Jennifer with condescending, disparaging comments because of her sex such as, "I have to go show Jennifer how to do her job again" without justification and in front of peers;

2.  Regularly criticized her communications with others, but not with male coworkers in similar situations; or

3.  Regularly publicly humiliated her work in front of other managers and coworkers while not doing the same to men.

B.  Gave Jennifer an unjustified "Improvement Needed" evaluation. When Jennifer challenged the evaluation, Craig reported her to HR, escalating her dispute to higher management, despite her wish not to involve HR. Going to HR at Wells Fargo was generally known to invite retaliation.

HOUK LAW FIRM, PLLC
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377 - Fax: 480.569.2379

1. To the contrary, Craig treated Jennifer differently than her male coworker, Don Stephenson. Don also disputed his "Improvement Needed" evaluation from Craig, but Craig did not escalate Don's dispute to HR.

2. Don confided in Jennifer that he considered disputing his own "Improvement Needed" evaluation, but he witnessed Craig's treatment of Jennifer and feared similar retaliation himself.

20.    Others, such as Amy Calhoun and, Mimina Jain, took note of Craig's discriminatory conduct and urged Jennifer to report Craig to HR.

21.    Jennifer additionally suffered sex discrimination from another Wells Fargo executive, Randy Borchardt. Randy assigned ample work to Jennifer's male coworkers, particularly Joaquin Tejeda, excluding Jennifer and thereby interfering with her career advancement. He humiliated Jennifer in a staff meeting by saying "Sorry to have volunteered you for so much, Joaquin," while Jennifer was not given a comparable amount of work.

### Wells Fargo Subjected Jennifer to Discrimination Based on Age.

22.    Craig (in his 40s) repeatedly subjected Jennifer (in her 50s) to discrimination based on age:

A. At least eight times, he regularly made ageist comments towards Jennifer, including:

1. "You have fewer years to retirement than me."

2. "You have many years of experience."; and

3. "You are older than your team members, so I expect more from you."

B.  In 2018, Craig gave only the two oldest members of the team—Don and Jennifer—negative, "Improvement Needed" annual evaluations. Both Jennifer's and Don's evaluations contained false facts, and their objections were not ever properly addressed.

C.  Craig repeatedly told both Jennifer and Don that he was holding them to a higher standard than the younger members of the team.

### *Jennifer Complained About Sex and Age Discrimination, But Wells Fargo Failed to Investigate Her Complaints.*

23.    In the Summer of 2018, Jennifer first complained to Wells Fargo in a companywide survey about Craig's treatment of her. Wells Fargo did not address Jennifer's complaints.

24.    In March 2019, Jennifer complained to Craig's immediate supervisors, Operational Risk Managers Ellen Auborn and Doug Souza. She did not receive a satisfactory response.

25.    Having received no response by April 2019 from Wells Fargo, Jennifer complained to HR Specialist, Matthew Alcala, and several more times throughout May 2019.

26.    For the next six months, Wells Fargo did not give Jennifer any indication that her complaints were being investigated.

27.    In November 2019, HR finally told Jennifer that they had not yet initiated an investigation into her complaints against Craig. Instead, HR asked Jennifer if they should investigate her discrimination claims and ultimately told her that they could not substantiate her claims.

HOUK LAW FIRM, PLLC
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377 - Fax:  480.569.2379

28.     Several of Jennifer's coworkers reported to her that they supported her while the HR investigator told her that they did not. Further, HR failed to interview some key witnesses to the discrimination and retaliation or request documentation from Jennifer.

29.     Wells Fargo Employee Relations Investigator, Sean Dawkins, told Jennifer that she should no longer focus on her case against Craig and should instead focus on her issues with her then-manager, Sandi Ritucci. Sean further told Jennifer that if she continued to push the matter, he would have to escalate it. Jennifer was uneasy about the matter being escalated because Craig had previously escalated her evaluation dispute and nothing came of it.

30.     Jennifer contacted HR representative, Candace Switzer, asking if Candace could facilitate the call because she believed Sandi's evaluation to be retaliatory. Candace, however, refused and instead, told Jennifer that "if there are areas of opportunity for improvement mentioned [in Sandi's evaluation], look at those from the manager's perspective and see if you can understand his/her point of view."

### *Wells Fargo Retaliated Against Jennifer on the Heels of Her Complaints of Sex and Race Discrimination.*

31.     Again, in February 2019, Craig gave Jennifer a "Needs Improvement" annual evaluation that was baseless. When Jennifer disputed the negative evaluation, Craig forced escalation to HR, despite not doing so with Don Stephenson.

32.     On March 9, 2019 Wells Fargo provided Jennifer with a bonus that was about $33,000 lower because of age, sex, and retaliation.

33.     In July 2019, Wells Fargo demoted Jennifer in what called a "reorganization" shortly after Jennifer's Spring 2019 complaint about age and sex discrimination to mangers Doug and Ellen, and HR Specialist Matthew Alcala.

HOUK LAW FIRM, PLLC
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377 - Fax: 480.569.2379

HOUK LAW FIRM, PLLC
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377 - Fax: 480.569.2379

A. Wells Fargo replaced Jennifer with Amy Calhoun (ORC Level 3) whose experience is only administrative and not technical, who Jennifer mentored and trained.

B. Jennifer complained to Operational Risk Manager, Randy Borchardt, that the demotion was retaliatory.

34. One week later, Jennifer was again transferred to another position, which became an unhealthy environment.

A. Between August 2019 and October 2019, Wells Fargo removed all of Jennifer's tasks from her calendar and did not add any new ones, did not permit her to attend required team events and meetings, removed her from projects, did not provide her presentations and training that were provided to her team members, and assigned her work to coworkers.

B. At the same time, then-manager Sudhir Kumar required Jennifer to obtain impossible-to-meet 100% perfect scores on performance objections but did not require anyone else to do so. At Wells Fargo, it is mandatory for managers who perform evaluations to consult with all of the employee's prior managers. In evaluating her work, Sudhir reached out to Craig to inquire about Jennifer's performance, but did not reach out to her other manager, Sal Perednia, during the same time period who would have provided positive feedback about Jennifer's performance.

35. Removing work from Jennifer meant that Jennifer was excluded from her team members, which irreparably damaged her relationships with them, which hurt her career advancement.

36.     In October 2019, Jennifer was again transferred to another, less desirable position.

37.     Within a week of transfer, Jennifer's then-manager, Sandi Ritucci, started disciplining Jennifer without justification and acting unprofessionally toward her. Sandi wrote Jennifer up falsely for allegedly violating Wells Fargo policy for developing a training manual with confidential information, even though it had no confidential information in it. Sandi also

- criticized Jennifer's tone of voice as too friendly in an email,

- excluded her from meetings,

- required her to attend meetings then chastised her for attending those meetings, and accused her of appearing bored at work.

38.     With each forced job transition, Wells Fargo not only expected Jennifer to work at least 40 hours performing the new job duties, while continuing to perform the job duties of the job that she had just left. In her first transfer, Jennifer asked her manager Sudhir if he could ask Craig to stop giving Jennifer duties from her old job, but the expectation continued. The period of overlap usually lasted between three to four weeks at a time.

39.     Craig and Sandi were known to be part of a larger dysfunctional environment on the Risk Management team. Another female coworker of Jennifer, Catherine Freeman, had called Jennifer at 5:00am, crying and complaining about the harassing environment.

40.     To better her situation, Jennifer attempted to transfer or apply to different departments within Wells Fargo. However, Wells Fargo denied over 25 of Jennifer's applications for transfers into new positions.

HOUK LAW FIRM, PLLC
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377 - Fax: 480.569.2379

41.     Due to the harassment, discrimination, and retaliation, in December 2019, Jennifer self demoted into a position as an Operational Risk Consultant (Level 4), her current position, with a substantial cut in pay and bonus and a less prestigious job title with lower earning and promotion potential, to escape Sandi's unprofessional behavior.

42.     In February 2020, Jennifer was told that Sandi's negative evaluation from the previous review was unethical. Her manager, Joe, sat in on a call with Jennifer and Sandi to go over the negative evaluation.

43.     In March 2020 Wells Fargo provided Jennifer with a bonus that was about $30,000 lower because of age, sex, and retaliation.

44.     Wells Fargo's refusal to give Jennifer work set her back in remaining CISA certification compliant, so Jennifer had to seek projects on her own time to catch up. Not only does Wells Fargo prefer that its ORCs are CISA certified, but companies with comparable open position require the certification too. In fact, Wells Fargo stated that CISA-certified employees would be given hiring preferences over those without a risk-based certification.

**Relief Requested**

45.     Based upon the foregoing, Plaintiff Bond requests judgment and orders granting her the following relief against the Defendants:

**Count One:**
**Discrimination Based on Sex, Title VII**
**42 U.S.C. § 2000e-2(a)(2)**

46.     Jennifer repeats and re-alleges each allegation of this complaint as if fully set forth in this claim.

HOUK LAW FIRM, PLLC
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377 - Fax: 480.569.2379

47.     Jennifer performed her job duties satisfactorily as evidenced by several awards, prestigious title of officer at Wells Fargo, a solid review from her current manager, and her high salary.

48.     Wells Fargo subjected Jennifer to discrimination and harassment because of sex, including in the following ways: Jennifer's immediate supervisors, Craig, Sandi, and Randy gave Jennifer a negative evaluation; forced her to escalate the evaluation to HR without requiring the same of her male coworker; regularly belittled her publicly; took away her work, giving her work to a male coworker; regularly berated Jennifer in front of male peers; and over scrutinized and micromanaged her work without treating males the same way; caused her a loss of about $55,000 in lost bonuses in 2018 and 2019; forced her to self demote in August 2019 causing her to take a position with lower pay scale, a less prestigious title, a lower amount of bonus pay.

49.     The unlawful employment practices complained of in the foregoing were and are intentional.

50.     The unlawful employment practices complained of in the foregoing paragraphs were and are done with malice or with reckless indifference to the federally protected rights of Jennifer.

51.     As a direct and proximate result of the conduct of Wells Fargo, Jennifer is entitled to compensatory damages.  Jennifer is reasonably likely to incur more compensatory damages in the future.

52.     The unlawful employment practices complained of were intentional.

53.     The unlawful employment practices complained of were done with malice or with reckless indifference to Jennifer's federally protected rights.

54.     Jennifer seeks a judgment for the following:

HOUK LAW FIRM, PLLC
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377 - Fax: 480.569.2379

HOUK LAW FIRM, PLLC
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377 - Fax: 480.569.2379

A.   A declaration that Wells Fargo violated Jennifer's rights under Title VII;

B.   For injunctive relief, including a permanent injunction prohibiting Wells Fargo from engaging in discrimination or retaliation under Title VII and reinstatement to her previous position and removal of corrective action from HR file;

C.   Compensatory and general damages in an amount to be determined by the trier-of-fact and other relief to make whole Jennifer and affirmative relief necessary to eradicate the effects of Wells Fargo's unlawful practices.

D.   Punitive damages;

E.   Back pay computed from the date of the discriminatory act until the date of final judgment; and

F.   Her reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. § 1988 (b), (c), Federal Rule Civil Procedure 54(d)(2), and Local Rule Civil Procedure 54.2; and

G.   Her taxable costs incurred herein, pursuant to Federal Rule Civil Procedure 54(d)(1), Local Rule Civil Procedure 54.1, and 28 U.S.C. § 1920.

**Count Two:
Discrimination Based on Age, ADEA
29 U.S.C. § 623(a)(1)**

56   Jennifer repeats and re-alleges each allegation of this complaint as if fully set forth in this claim.

HOUK LAW FIRM, PLLC
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377 - Fax: 480.569.2379

57     Jennifer is 54 years old, and Jennifer performed her job duties satisfactorily as evidenced by several awards, prestigious title of officer at Wells Fargo, a solid review from her current manager, and her high salary.

58     Craig made ageist comments and gave negative evaluations to the oldest two members of the team, Jennifer and Don, admitting he held them both to a higher standard than the younger members of the group.

59     Wells Fargo subjected Jennifer to discrimination and harassment because of age, including in the following ways: Jennifer's immediate supervisors, Craig, Sandi, and Randy gave Jennifer a negative evaluation; forced her to escalate the evaluation to HR without requiring the same of her male coworker; regularly belittled her publicly; took away her work, giving her work to a male coworker; regularly berated Jennifer in front of male peers; and over scrutinized and micromanaged her work without treating males the same way; caused her a loss of about $55,000 in lost bonuses in 2018 and 2019; forced her to self demote in August 2019 causing her to take a position with lower pay scale, a less prestigious title, a lower amount of bonus pay.

60     Wells Fargo's unlawful employment practices were willful within the meaning of the ADEA, 29 U.S.C. § 626(b).

61     Jennifer requests Judgment against Wells Fargo as follows:

A.     For a declaration that Wells Fargo violated Jennifer's rights under the ADEA;

B.     For injunctive relief, including a permanent injunction prohibiting Wells Fargo from engaging in age discrimination, reinstatement to her previous position, and removal of corrective action from HR file;

HOUK LAW FIRM, PLLC
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377 - Fax: 480.569.2379

C.     Lost wages, including back pay computed from the date of the discriminatory act until the date of final judgment, and benefits, and unpaid overtime;

D.     For interest on the above amounts at the highest legal rate from the date of Judgment until paid in full;

E.     For liquidated damages;

F.     For reasonable attorneys' fees;

G.     For all costs of suit; and

H.     For such other and further relief as is proper and just.

### Count Three:
### Retaliation for Complaining About Sex Discrimination
#### 42 U.S.C. § 2000e-2(a)(2)

62    Jennifer repeats and re-alleges each allegation of this complaint as if fully set forth in this claim.

63    Jennifer performed her job duties satisfactorily as evidenced by several awards, prestigious title of officer at Wells Fargo, a solid review from her current manager, and her high salary.

64    Wells Fargo subjected Jennifer to retaliation, including in the following ways: Jennifer's immediate supervisors, Craig, Sandi, and Randy gave Jennifer a negative evaluation; forced her to escalate the evaluation to HR without requiring the same of her male coworker; regularly belittled her publicly; took away her work, giving her work to a male coworker;

regularly berated Jennifer in front of male peers; and over scrutinized and micromanaged her work without treating males the same way; caused her a loss of about $55,000 in lost bonuses in 2018 and 2019; forced her to self demote in August 2019 causing her to take a position with lower pay scale, a less prestigious title, a lower amount of bonus pay.

65    The unlawful employment practices complained of in the foregoing were and are intentional.

66    The unlawful employment practices complained of in the foregoing paragraphs were and are done with malice or with reckless indifference to the federally protected rights of Jennifer.

67    As a direct and proximate result of the conduct of Wells Fargo, Jennifer is entitled to compensatory damages.  Jennifer is reasonably likely to incur more compensatory damages in the future.

68    The unlawful employment practices complained of were intentional.

69    The unlawful employment practices complained of were done with malice or with reckless indifference to Jennifer's federally protected rights.

70    Jennifer seeks a judgment for the following:

A.  A declaration that Wells Fargo violated Jennifer's rights under Title VII;

B.  For injunctive relief, including a permanent injunction prohibiting Wells Fargo from engaging in discrimination or retaliation under Title VII, reinstatement to her previous position, and removal of corrective action from HR file;

HOUK LAW FIRM, PLLC
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377  -  Fax:  480.569.2379

HOUK LAW FIRM, PLLC
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377 - Fax: 480.569.2379

C.   Compensatory and general damages in an amount to be determined by the trier-of-fact and other relief to make whole Jennifer and affirmative relief necessary to eradicate the effects of Wells Fargo's unlawful practices.

A.   Punitive damages;

B.   Back pay computed from the date of the discriminatory act until the date of final judgment; and

C.   Her reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. § 1988 (b), (c), Federal Rule Civil Procedure 54(d)(2), and Local Rule Civil Procedure 54.2; and

D.   Her taxable costs incurred herein, pursuant to Federal Rule Civil Procedure 54(d)(1), Local Rule Civil Procedure 54.1, and 28 U.S.C. § 1920.

**Count Four:**
**Retaliation for Complaining About Age Discrimination**
**42  U.S.C. § 623(d)**

71    Jennifer repeats and re-alleges each allegation of this complaint as if fully set forth in this claim.

72    Jennifer performed her job duties satisfactorily as evidenced by several awards, prestigious title of officer at Wells Fargo, a solid review from her current manager, and her high salary.

73    Wells Fargo subjected Jennifer to retaliation, including in the following ways: Jennifer's immediate supervisors, Craig, Sandi, and Randy gave Jennifer a negative evaluation; forced her to escalate the evaluation to HR without requiring the same of her male coworker; regularly belittled her publicly; took away her work, giving her work to a male coworker;

regularly berated Jennifer in front of male peers; and over scrutinized and micromanaged her work without treating males the same way; caused her a loss of about $55,000 in lost bonuses in 2018 and 2019; forced her to self demote in August 2019 causing her to take a position with lower pay scale, a less prestigious title, a lower amount of bonus pay.

74      Wells Fargo's unlawful employment practices were willful within the meaning of the ADEA, 29 U.S.C. § 626(b).

75      Jennifer requests Judgment against Wells Fargo as follows:

A.   For a declaration that Wells Fargo violated Jennifer's rights under the ADEA;

B.   For injunctive relief, including a permanent injunction prohibiting Wells Fargo from engaging in age discrimination, reinstatement to her previous position, and removal of corrective action from HR file;

C.   Lost wages, including back pay computed from the date of the discriminatory act until the date of final judgment, and benefits, and unpaid overtime;

D.   For interest on the above amounts at the highest legal rate from the date of Judgment until paid in full;

E.   For liquidated damages;

F.   For reasonable attorneys' fees;

G.   For all costs of suit; and

H.   For such other and further relief as is proper and just.

WHEREFORE, Jennifer prays for the following relief:

1.      For a declaration that Wells Fargo violated Jennifer's rights under Title VII and the ADEA;

HOUK LAW FIRM, PLLC
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377 - Fax: 480.569.2379

HOUK LAW FIRM, PLLC
1050 East Southern Avenue, Suite A-3, Tempe, AZ 85282
Telephone: 480.569.2377 - Fax:  480.569.2379

2.      For injunctive relief, including a permanent injunction prohibiting Wells Fargo from engaging in discrimination or retaliation under Title VII or ADEA, reinstatement to her previous position, and removal of corrective action from HR file;

3.      All relief available under the statutes and common laws asserted in this case.

4.      For compensation for past non-pecuniary losses resulting from the unlawful practices under Title VII;

5.      For liquidated damages;

6.      For interest on the above amounts at the highest legal rate from the date of Judgment until paid in full;

7.      For Compensatory and general damages in an amount to be determined by the trier-of-fact and other relief to make whole Jennifer and affirmative relief necessary to eradicate the effects of Wells Fargo's unlawful practices.

8.      Lost wages, including back pay computed from the date of the discriminatory act until the date of final judgment, and benefits;

9.      For punitive damages;

10.     For reasonable attorneys' fees;

11.     Taxable costs.

12.     All other relief the court shall deem is just.

Respectfully submitted this 10th day of May, 2021.

THE HOUK LAW FIRM

By    /s/ Christopher R. Houk
        Christopher R. Houk
        *Attorney for Plaintiff*