WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Bond,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Wells Fargo Bank NA,<br><br>　　　　　Defendant. | No. CV-21-00830-PHX-JJT<br><br>**ORDER** |

At issue is Plaintiff's Motion for Leave to File the Second Amended Complaint (Doc. 31, MFL), to which Defendant filed a Response (Doc. 34, Resp.) and Plaintiff filed a Reply (Doc. 35, Reply). The Court finds these matters appropriate for decision without oral argument. *See* LRCiv 7.2(f). For the reasons set forth below, the Court will grant in part and deny in part Plaintiff's Motion for Leave to File the Second Amended Complaint.

**I.　BACKGROUND**

The Court recited the background facts of this case in its December 9, 2021, Order (Doc. 20). After the Court's Order in which it granted Plaintiff leave to amend the Complaint to the extent Plaintiff could show that the undated allegations in her Complaint occurred on or after March 23, 2019, Plaintiff filed her First Amended Complaint (Doc. 24). A month later, Plaintiff filed a Second Amended Complaint (Doc. 30). Because her Motion for Leave to file the Second Amended Complaint was filed after the Second Amended Complaint, the Court struck Plaintiff's Second Amended Complaint as prematurely filed. (Doc. 32.)

## II. LEGAL STANDARD

A party may amend a pleading once as a matter of course within 21 days after serving it, or within 21 days of service of, *inter alia*, a Rule 12(b)(6) motion. Fed. R. Civ. P. 15(a). In all other circumstances, absent the opposing party's written consent, a party must seek leave to amend from the court. Fed. R. Civ. P. 15(a)(2). Although the decision to grant or deny a motion to amend is within the trial court's discretion, "Rule 15(a) declares that leave to amend shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted). "In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15—to facilitate a decision on the merits rather than on the pleadings or technicalities." *Eldridge v. Block,* 832 F.2d 1132, 1135 (9th Cir. 1987) (citation and internal quotation marks omitted).  The policy of Rule 15 "should be applied with extreme liberality." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citation and internal quotation marks omitted).

However, the policy in favor of allowing amendments is subject to limitations. After a defendant files a responsive pleading, the court considers whether the complaint was previously amended, *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004), or if an amendment "would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers,* 310 F.3d 628, 636 (9th Cir. 2002) (citation and internal quotation marks omitted). "Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003).

"A proposed amended complaint is futile if it would be immediately subject to dismissal. Thus, the proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011) (quotations and citations omitted), *aff'd on reh'g en banc on other grounds,* 681 F.3d 1041 (9th Cir. 2012). To survive a Rule 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). A dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III. ANALYSIS

Plaintiff's proposed Second Amended Complaint does not include any allegations of acts occurring before March 23, 2019, and is therefore consistent with the Court's December 9, 2021, Order.

Defendant does not argue that Plaintiff's proposed amendments would cause prejudice or undue delay, nor that they are sought in bad faith. It argues that the addition of Plaintiff's new counts would be futile because Plaintiff alleges facts she knew when she filed the Complaint, but did not include them, and she added new discrete acts of discrimination or retaliation that were not presented to the EEOC. (Resp. at 3.) Defendant also asserts futility because Plaintiff has failed to join a necessary party under Federal Rule of Civil Procedure 19(a). (Resp. at 3.)

### A. Plaintiff's Proposed Amendment Impermissibly Includes Unactionable Claims Arising From Discrete Acts that Were Never Presented to the EEOC.

To state an actionable claim in federal court for a violation of Title VII or the Age Discrimination in Employment Act (ADEA), the plaintiff must file a charge with the EEOC. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973) (stating a respondent can satisfy "the jurisdictional prerequisites to a federal action (i) by filing timely charges of employment discrimination with the Commission and (ii) by receiving and acting upon the Commission's statutory notice of the right to sue"); 29 U.S.C. § 626(d). A charging party must file a charge with the EEOC or applicable state agency for each discrete discriminatory act prior to commencing federal action. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("Each discrete discriminatory act starts a new clock for filing charges alleging that act."). "The requirement, therefore, that the charge be filed

'after' the practice 'occurred' tells us that a litigant has up to 180 or 300 days *after* the unlawful practice happened to file a charge with the EEOC." *Id.* at 109–10. To the extent Plaintiff's new claims in her proposed Second Amended Complaint arise from new discrete acts, their addition to the Second Amended Complaint is futile because they must first be submitted to the EEOC.

### 1. Discriminatory and/or Retaliatory Evaluations

Plaintiff alleges in her proposed Second Amended Complaint that she suffered discriminatory and/or retaliatory mid-year and end-of-year reviews that she discovered on July 28, 2021, and January 12, 2022. (MFL, Ex. 1, ¶¶ 65–66; 68; 69; 77; 98 D, I; 108 D, I.) Because negative performance evaluations are discrete acts, Plaintiff must file a claim with the EEOC before resorting to federal action. *See Porter v. California Dep't of Corr.*, 419 F.3d 885, 893 (9th Cir. 2005) (Discrete acts include "leaving a negative performance evaluation in [a] personnel file."). The dates Plaintiff discovered the reviews were after she filed her EEOC claim, so she could not have included them in her EEOC claim. Therefore, Plaintiff must strike the paragraphs in the proposed Second Amended Complaint relating to discriminatory and/or retaliatory mid-year and end-of-year reviews.

### 2. Discriminatory or Retaliatory Performance Improvement Plan

Plaintiff also alleges that because of her negative performance review, she was put on a Performance Improvement Plan (PIP). (MFL, Ex. 1, ¶¶ 70–71; 77; 98 I; 108 I.) This is also a discrete act that must be filed with the EEOC before filing a federal court action because it is an "incident of discrimination" or a "retaliatory adverse employment decision" constituting a "separate actionable 'unlawful employment practice.'" *Morgan*, 536 U.S. at 114. The act also occurred after Plaintiff filed her EEOC claim, so she could not have included it in her EEOC claim. Therefore, Plaintiff must also strike the paragraphs in the proposed Second Amended Complaint relating to her Performance Improvement Plan.

### 3. Lost Bonus and Raise

Plaintiff also alleges that because of her negative reviews and PIP, she was denied a bonus and raise. (MFL, Ex. 1, ¶¶ 73–74; 77; 97; 98 J; 107; 108 J.) These are easily

identifiable discrete acts that occurred on the date they happened and constitute their own separately actionable unlawful employment practice. *See Morgan*, 536 U.S. at 110, 114. Because these claims arise from discrete acts, they must be filed with the EEOC before Plaintiff files a federal court action. These acts occurred after the January 2022 evaluation and were thus after Plaintiff filed her EEOC claim, so the acts could not have been included in her EEOC claim. Therefore, Plaintiff must also strike the paragraphs in the proposed Second Amended Complaint relating to her denied bonus and raise.

### B. The Remaining New Facts in Plaintiff's Proposed Second Amended Complaint are Permissible.

Defendant does not argue that the remaining new allegations should be dismissed for prejudice, undue delay, bad faith, or futility. Instead, Defendant argues that Plaintiff does not have good cause to add them because she knew of these new facts when she filed her prior Complaints. However, good cause need not be shown and leave to amend must be "freely given when justice so requires." *Foman*, 371 U.S. at 182. Other than those allegations referred to above, the balance of the new allegations Plaintiff included in the proposed Second Amended Complaint (MFL, Ex. 1, ¶¶ 47, 48, 50–66; 67; 72; 75; 76; 82; 98 A–C, E–H) are permissible because they constitute new facts supporting existing claims and not discrete acts for which an EEOC claim must be filed before filing a federal court action.

Plaintiff previously amended her Complaint (Doc. 24), but that amendment was limited by the Court's December 9, 2021, Order (Doc. 20) stating Plaintiff could amend her Complaint to the extent Plaintiff could show that the undated allegations in her Complaint occurred on or after March 23, 2019. In the proposed Second Amended Complaint, Plaintiff has now alleged additional facts, and the Court will not bar a second amendment because of a previous amendment limited in scope, in the absence of a sufficient justification to bar the additional amendment.

### C. Plaintiff is Not Married, so Defendant's Joinder Argument is Moot.

Defendant also seeks to join Plaintiff's spouse, if any, under Fed. R. Civ. P. 19 (a)(1). The Court takes judicial notice of the fact that Plaintiff is not married. Thus, Defendant's joinder argument is moot.

**IT IS THEREFORE ORDERED** granting in part and denying in part Plaintiff's Motion for Leave to file the Second Amended Complaint. (Doc. 31.)

**IT IS FURTHER ORDERED** that Plaintiff shall file the Second Amended Complaint, as modified by the limitations specified in this Order, by May 20, 2022.

Dated this 5th day of May, 2022.

Honorable John J. Tuchi
United States District Judge